# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SARASOTA ANESTHESIOLOGISTS, P.A.,

    Plaintiff,

v.                                            CASE NO. 19-cv-1518-T-02JSS

BLUE CROSS AND BLUE SHIELD
OF FLORIDA, INC.,

    Defendant.
_____/

## ORDER REMANDING CASE
## DUE TO LACK OF FEDERAL SUBJECT MATTER JURISDICTION

The Court grants Plaintiff's motion to remand (Dkt. 12), after reviewing the motion, the response (Dkt. 13) and the record. The Amended Complaint (Dkt. 1-1) states that Plaintiff is a group of anesthesiologists providing non-emergency and emergency services to Sarasota Memorial Hospital. The reimbursement rate for these services between Plaintiff and Defendant was subject to negotiation, but the negotiation reached impasse. Since then, Plaintiff has billed "out of network" for Defendant's insureds. Defendant has made some payment for all of these patients to Plaintiff, at a rate of $40 per value unit. *Id*. Plaintiff states that this $40 per unit rate is insufficient and in the amended complaint they sought several Florida-law remedies including unjust enrichment and implied contract. *Id.*

The Court examines the operative complaint at time of removal to assess subject matter jurisdiction. *Ehlen Floor Covering v. Lamb*, 660 F.3d 1283, 1287 (11 Cir. 2011). "The existence of federal jurisdiction is tested as of the time of removal." *Id*.

Defendant removed this amended complaint and seeks to establish: 1) "federal officer" subject matter removal jurisdiction under 28 U.S.C. § 1442(a)(1); and 2) complete ERISA preemption, creating federal subject matter jurisdiction.

"[T]he removing party bears the burden of establishing jurisdiction." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996)). Within this context, "[t]he removal statute should be construed narrowly with doubt construed against removal." *Id*. (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)). Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Concerning the first ground for removal, there is no CMS[1] mandate, guidance, or dictate that exists concerning the $40 rate that Plaintiff claims is contractually low. This is not a right to payment or denial of coverage case. The

---

[1] Centers for Medicare & Medicaid Services.

Court finds convincing *Baptist Hospital of Miami, Inc. v. Humana Health Ins. Co. of Florida, Inc.*, No. 1:15-cv-22009-UU, 2015 WL 11237013 (S.D. Fla. Aug. 19, 2015). *See also Sheridan Healthcorp, Inc v. Aetna Health, Inc.*, 161 F.Supp.3d 1238, 1241 (S.D. Fla. 2016). Further, that some of these patients are covered by federal employee health benefits plans does not transform Defendant into a federal agent for subject matter jurisdiction purposes. *Baptist*, 2015 WL 11237013, at *4; *Premier Inpatient Partners LLC v. Aetna Health & Life Ins. Co.*, 362 F.Supp.3d 1217, 1223-24 (M.D. Fla. 2019). Nothing in the amended complaint shows Defendants did anything for a federal reason or upon federal mandate or suggestion.

Nor does the Court agree complete ERISA preemption provides subject matter jurisdiction. *Premier Inpatient Partners LLC v. Aetna Health & Life Ins. Co.*, 371 F.Supp.3d 1056, 1064-68 (M.D. Fla. 2019). "Complete preemption is a rare doctrine that entirely transforms a state-law claim into a federal claim, regardless of how the plaintiff framed the legal issue in [the] complaint." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1260 n.16 (11th Cir. 2011).

Complete ERISA preemption only occurs if 1) the plaintiff could have sued under ERISA section 502(a), and 2) no independent legal duty supports the plaintiff's claim. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d

1337, 1345 (11th Cir. 2009). The second prong of this test is clearly unmet, and the first prong is questionable. *See Borrerro v. United Healthcare of N.Y., Inc.,* 610 F.3d 1296, 1302 (11th Cir. 2010) (citing *Conn. State Dental*, 591 F.3d at 1349-50) (a "rate of payment" challenge does not necessarily implicate an ERISA plan).

Accordingly, Plaintiff's motion to remand (Dkt. 12) is granted. This case is remanded due to lack of federal subject matter jurisdiction. The Court declines to award fees to movant pursuant to 28 U.S.C. § 1447. The Clerk is directed to remand this case to the Twelfth Judicial Circuit Court in and for Sarasota County, Florida, and after effecting remand, to close this case.

**DONE AND ORDERED** at Tampa, Florida, on August 6, 2019.

                              s/*William F. Jung*
                              **WILLIAM F. JUNG**
                              **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record